UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Criminal No. 24-CR-505 (DLF) |
| : | |
| **DESHAWN LOGGINS** : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S SUPPLEMENT TO MOTION
### TO ADMIT RULE 404(b) EVIDENCE (PRIOR CRACK DISTRIBUTION IN 2021)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this supplement to its Rule 404(b) motion and moves this Court to permit the introduction at trial of evidence that the Defendant distributed crack cocaine on two occasions in 2021.

Defendant is charged with possessing 50 grams of cocaine base (also referred to as crack cocaine), 177 oxycodone pills of various variety, and a loaded gun that were found inside his Dodge Charger on June 6, 2024. Defendant Loggins was not inside the unoccupied vehicle at the time and thus the government's theory of possession is one of constructive possession. Moreover, the vehicle was a rental vehicle that was not rented by the defendant nor in his name. Instead, the car rental agreement lists a "Rodney Lynch" at an address unconnected to the defendant but with an email address and phone number associated with the defendant. At trial, the government must prove that the drugs and gun inside the rental car belonged to the defendant, he knowingly left these items in the car, he knew that the pills and crack cocaine were illegal controlled substances, and he intended to distribute both the pills and the crack.

At the pretrial hearing, the Court voiced its concern of the unduly prejudicial nature of

additional distribution evidence in light of the numerous phone exhibits showing the defendant's drug dealings in the surrounding three months of the charged offense. However, of the phone exhibits the government intends to introduce, there are 13 exhibits (including text messages, iCloud ledgers and photos) referencing or displaying pills but only three messages referencing cocaine (specifically, "up", "zip" and "soft"). Accordingly, the government would agree that additional evidence of prior distribution of oxycodone pills may fail under the balancing requirement of Rule 403. However, given that there are only three references to cocaine or cocaine base, additional evidence of the defendant's prior crack distribution would especially be probative to prove that the defendant knew the 50 grams of white rocklike substance in the car was in fact crack cocaine and he had the specific intent to distribute it.

To specifically prove Count One of the Superseding Indictment charging the defendant with possession with intent to distribute 28 grams or more of cocaine base, the government must prove that, separate and apart from the pills distribution, the defendant intended to also distribute crack cocaine. The government's evidence supporting this charge includes three buckets of evidence: 1) a drug expert opining that the amount of crack is consistent with distribution and not personal use; 2) three text messages from the defendant's phone of other individuals inquiring about "zip," "up" and "soft"; and 3) defendant's presence in the hallway of a building with three other individuals where there were suspected crack cocaine[1], cash, and a digital scale. The third bucket—the defendant's presence in the hallway with crack—cuts both ways. On one hand, it goes to show the defendant's own knowledge of cocaine distribution and his participation in the group's activity goes to show his intent. On the other hand, it presents a defense that defendant's

---

[1] The government does not intend to present expert chemist testimony to confirm that any of the crack cocaine in the hallway or by the door of Apartment 101 was in fact crack cocaine. Instead, at trial the government may introduce testimony from MPD officers that these substances field-tested positive for cocaine base.

friends and associates are the drug dealers who left the crack in the shared rental car. Given that Count One (cocaine base) as charged carries a 10-year mandatory minimum sentence if convicted as compared to Count Two (oxycodone pills) that carries no mandatory minimum, defendant's argument at trial could be that he only possessed the pills in the car (in light of ample messages of him selling pills), but the crack cocaine in the car belonged to his friends because after all, it was his friends who were selling crack in the hallway. While the government's expert would testify that 50 grams of cocaine base is consistent with distribution, the government's drug expert cannot say *who* possessed the crack.

In *United States v. Douglas*, 482 F.3d 591 (D.C. Cir. 2007), Douglas' prior PWID arrest was admitted under Rule 404(b) to establish his intent to distribute crack cocaine in the charged case. Similarly, as here, aside from the 404(b) evidence, the government's only evidence in *Douglas* "to establish Douglas' intent to distribute crack cocaine was a narcotics expert who testified that the quantity of drugs discovered on [date of charged offense] was consistent with an intent to distribute." *Id*. at 599. The *Douglas* Court acknowledged that "this evidence mentioned only some hypothetical drug dealer" and whereas in contrast, the government's 404(b) evidence of the "prior crack cocaine sales—sales close in time and place to those charged in the indictment—was not meant to show that someone had intent" but rather "that [Douglas] had the intent to distribute the crack." *Id*. While the government does have an additional three text messages, in contrast to *Douglas*, additional 404(b) evidence of the defendant's prior crack distribution in 2021 is not so prejudicial that it fails Rule 403. "Rule 403 'tilts, as do the rules as a whole, toward the admission of evidence in close cases,' even when other crimes evidence is involved." *Id*. at 600 (*quoting United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002). "Further, the probative value of another crime is significant 'when the evidence indicates a close

3

relationship to the event charged,'" *id*. at 601 (*quoting Cassell*, 292 F.3d at 795), as it does here where Loggins' prior distribution in 2021 involved the sale of the same substance.

Should the Court allow this evidence under 404(b), the government agrees not to elicit the fact that he was previously convicted for this conduct (setting aside Rule 609, Section 851 enhancement, and the FIP charge) and would only present evidence that Loggins distributed 0.2 grams of crack cocaine in April 2021 and May 2021 to a confidential informant. The government also initially noticed its intent to introduce the Statement of Offense in his prior case where the defendant admitted that he sold 3.5 grams of cocaine base a day and was responsible for selling between 28 grams and 112 grams of cocaine base. The government is now only seeking the admission of his two prior distributions and submits that permitting this narrow evidence and excluding Loggins' admission of selling 3.5 grams a day appropriately minimizes any undue prejudice under Rule 403. In the absence of a stipulation, and to avoid revealing a Statement of Offense connected to a prior conviction[2], the government would call one additional witness, MPD Investigator Christopher Hyder, to testify to the basic fact that Defendant Loggins sold .2 grams of crack cocaine, which was later confirmed by lab test, to a confidential informant working at the direction of law enforcement in April and May of 2021.

For the forgoing reasons, the United States respectfully requests that the Court permit at trial the introduction of Defendant Loggin's two prior crack cocaine distribution to a confidential informant in 2021 as Rule 404(b) other crimes evidence.

Respectfully submitted,

JEANINE FERRIS PIRRO

---

[2] Assuming Defendant stipulates to *a* prior conviction with a sentence exceeding one year for the purposes of the 18 U.S.C. § 922(g) charge, that stipulation would not necessarily reveal *which* offense he was convicted of.

                                                United States Attorney

By:    /s/ *Iris McCranie*
        Iris Y. McCranie
        Assistant United States Attorney
        N.Y. Bar No. 5011234
        601 D Street, N.W.
        Washington, D.C.  20530
        (202) 252-7828
        Iris.mccranie@usdoj.gov