**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA         *

  v.                                                    * Criminal Case No. 24-505-DLF

DESHAWN LOGGINS                          *

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

<u>**DEFENDANT'S SENTENCING MEMORANDUM**</u>

On June 10, 2025, a federal grand jury returned a Four-Count Superseding Indictment charging Mr. Loggins with drug trafficking and firearm offenses arising from events alleged to have occurred on June 6, 2024. Count One charged possession with intent to distribute 28 grams or more of cocaine base. Count Two charged possession with intent to distribute oxycodone. Count Three charged using, carrying, and possessing a firearm in furtherance of a drug trafficking offense. Count Four charged unlawful possession of a firearm and ammunition by a person previously convicted of a felony.

On September 18, 2025, after trial, the jury found Mr. Loggins guilty of Counts One, Two, and Four. The jury did not reach a unanimous verdict on Count Three. The government's evidence at trial concerned Mr. Loggins's proximity to controlled substances in the hallway of 108 Atlantic Street SE, Apartment 101, and items recovered from a Dodge Charger that the government connected to him. The government alleged that the vehicle contained a loaded Glock firearm, crack cocaine, and oxycodone pills. Law enforcement also searched Apartment 101, which was leased by someone other than Mr. Loggins, and recovered additional drugs, paraphernalia, and another firearm.

1

The offense conduct is serious. Drug trafficking harms communities, and the presence of firearms increases the danger associated with any drug offense. In this case, the question is what sentence is sufficient, but not greater than necessary.  Congress has already required a decade-long mandatory minimum sentence. That sentence is substantial. It is more than enough to satisfy the statutory purposes of sentencing.

## I.      Guidelines Calculation

The defense does not object to the final guideline calculation contained in the Presentence Investigation Report. The guideline applicable to Counts One and Two is U.S.S.G. § 2D1.1. The guideline applicable to Count Four is U.S.S.G. § 2K2.1. Because the counts group under U.S.S.G. § 3D1.2, and because § 2D1.1 produces the highest offense level, the drug guideline drives the calculation.

The PSR calculates the base offense level at 24 based on at least 28 grams but less than 112 grams of cocaine base. Two levels are added under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. There are no victim-related adjustments, no role adjustment, and no obstruction adjustment. Mr. Loggins receives no reduction for acceptance of responsibility because he proceeded to trial. The total offense level is therefore 26.

Mr. Loggins has a Criminal History Category of II. Ordinarily, a total offense level of 26 and a Criminal History Category of II would result in an advisory guideline range of 70 to 87 months. However, because Count One carries a mandatory minimum sentence of 120 months because of the government's § 851 notice, the guideline sentence becomes 120 months pursuant to U.S.S.G. § 5G1.1(b).

2

Before the mandatory minimum, the guideline range would have been 70 to 87 months. The statutory minimum raises the sentence to 120 months. In other words, the mandatory minimum already increases the advisory punishment by nearly three years above the high end of the otherwise applicable range. The defense submits that this statutory increase fully accounts for the seriousness of the offense and Mr. Loggins's prior conviction.

The defense respectfully requests a sentence of 120 months on Count One, and concurrent sentences at the low end of the otherwise applicable range on Counts Two and Four. The defense further requests that the Court impose no fine, recommend substance abuse treatment including RDAP if eligible, drug education, educational and vocational programming, cognitive behavioral treatment, and reentry support.

## II.      The Nature and Circumstances of the Offense

The nature and circumstances of this offense warrant a serious sentence, but not a sentence above the mandatory minimum. The government alleged that Mr. Loggins possessed crack cocaine and oxycodone for distribution and that a firearm was recovered from the vehicle connected to him. Those are serious allegations, and the jury returned guilty verdicts on Counts One, Two, and Four.  But this case also has important limiting facts. Mr. Loggins was not convicted of the § 924(c) count. There is no allegation that he used a weapon. There is no allegation that he brandished a weapon. There is no allegation that anyone was physically injured.   The PSR applies no aggravating role enhancement. There is no obstruction enhancement. This was not a leadership case.   The government's requested sentence and the Probation Office's recommendation both recognize the practical reality: the mandatory minimum

3

of 120 months is the operative sentence. The government asks for 120 months. Probation

recommends 120 months. The defense also asks for 120 months.

### III. History and Characteristics of Deshawn Loggins

### A. A Young Man Shaped by Poverty and Instability

Deshawn Loggins is 24 years old. He was born and raised in Washington, D.C. He did

not grow up with financial security stability, or structure. He was raised primarily by his mother

in a single-parent household. His mother struggled financially while trying to provide for him

and his siblings. The family relied on public assistance to meet basic needs.  Poverty does not

excuse criminal conduct. Many people experience hardship and do not commit crimes. But

sentencing requires the Court to consider the whole person. Mr. Loggins's background helps

explain how he reached this point at such a young age. He grew up without consistent structure

and without the kind of steady adult supervision that helps children develop discipline and long-

term thinking.

### B. Absence of a Stable Father Figure

Mr. Loggins's father was not a stable presence in his life. According to Mr. Loggins, his

father struggled with drug addiction and his whereabouts are now unknown. Mr. Loggins last

had contact with him in July 2021. The absence of a stable, law-abiding male role model matters

greatly. Mr. Loggins was left without guidance during critical years of his development.  The

Court is not sentencing a fully formed adult who had every advantage and simply chose

otherwise. The Court is sentencing a young man whose childhood lacked the structure and

support that many people need to develop into responsible adults.

### C.  Early Homelessness and Lack of Structure

Perhaps the most significant fact in Mr. Loggins's background is that he reports leaving his mother's home at approximately 12 years old. From that point forward, he moved from place to place, staying with friends or with people he met while living on the streets of Washington, D.C. A child living without a stable home, without dependable adult guidance, is likely to learn survival before responsibility.  Again, this does not excuse his conduct. But it does explain why rehabilitation must be part of the sentence. A longer sentence alone will not address the conditions that contributed to his conduct.

### D.  Severe Substance Abuse Beginning in Childhood

Mr. Loggins's substance abuse history is one of the most important mitigating and rehabilitative facts in this case. He reported daily marijuana use beginning at age 10, daily crack cocaine use beginning at age 13, daily codeine use beginning at age 13, and daily oxycodone use beginning at age 13.  His substance abuse history does not excuse drug trafficking, but it identifies a core driver of continued criminal behavior. Mr. Loggins has never participated in a full substance abuse treatment program. He has expressed willingness to participate in treatment. The Probation Office recommends substance abuse treatment and drug education. The defense strongly supports those recommendations.  The Court should impose a sentence that addresses the problem directly. A decade in federal custody is a substantial punishment. During that time, Mr. Loggins should be required and encouraged to participate in RDAP if eligible, drug education, cognitive behavioral treatment, educational programming, vocational training, and reentry planning.

### E. Fatherhood and Reentry

Mr. Loggins reports that he is the father of a young son. A 120-month sentence means he will miss a significant portion of his child's life. That consequence is unavoidable because of the mandatory minimum. It is also one reason the sentence should not be longer than necessary. The Court can impose a sentence that holds Mr. Loggins accountable while still leaving open the possibility that he can return to the community with enough life remaining to become a responsible father and law-abiding citizen.

## V. The Need for the Sentence Imposed

## A. Just Punishment and Respect for the Law

A 120-month sentence is a serious punishment. Ten years in federal prison is not lenient. It will communicate to Mr. Loggins and to the public that drug trafficking and firearm possession are serious crimes with serious consequences. It will promote respect for the law because it reflects the seriousness of the offense while remaining proportionate to the facts of the case.

## B. Deterrence

The mandatory minimum will provide substantial deterrence. Mr. Loggins previously received a 42-month sentence in federal court. The sentence he now faces is nearly three times longer. That escalation will make clear to him that continued involvement in drug trafficking carries severe consequences.

General deterrence is also satisfied. A decade-long federal sentence sends a powerful message to others who may consider drug trafficking, particularly where firearms are involved. The Court does not need to impose more than 120 months to achieve deterrence. The certainty and length of the mandatory minimum, combined with the years of supervised release, are sufficient.

6

**C. Protection of the Public**

A 120-month sentence will incapacitate Mr. Loggins for a substantial period. It will also be followed by a lengthy term of supervised release. That combination protects the public. Public safety is also served by reducing the risk that Mr. Loggins will return to the same patterns after release. The Court should impose conditions that require Mr. Loggins to participate in substance abuse treatment and reentry programming.

**D. Educational, Vocational, and Correctional Treatment**

Mr. Loggins needs treatment and structure. He needs substance abuse treatment. He needs a GED. He needs vocational training. He needs reentry planning. These things will allow him to return to the community as a different person.

VI. **Avoiding Unwarranted Sentencing Disparities**

A sentence of 120 months avoids unwarranted disparity. The PSR notes that before application of the mandatory minimum, the advisory range would have been 70 to 87 months. The mandatory minimum raises that sentence to 120 months. That increase already creates a sentence significantly above the otherwise applicable guideline range.

**VII. Conclusion**

For the foregoing reasons, Deshawn Loggins respectfully requests that this Court impose a sentence of 120 months' imprisonment. Such a sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a).

Respectfully submitted,

*Alfred Guillaume*

Alfred Guillaume III, # 30117
Law Offices of Alfred Guillaume III, LLC
1350 Connecticut Ave. NW, Suite 308
Washington, D.C. 20036

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Sentencing Memorandum was filed under seal with the Clerk on June 3, 2026, with notice and access to all involved parties.

*Alfred Guillaume*

Alfred Guillaume III, Esq.

8