**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 24-CR-505 (DLF)** |
| | : | |
| **v.** | : | |
| | : | |
| **DESHAWN LOGGINS,** | : | |
| | : | |
| **Defendant** | : | |

<u>**UNITED STATES' SUPPLEMENTAL FILING IN ADVANCE OF SENTENCING**</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental filing in advance of the sentencing hearing set for June 17, 2026 to raise two unresolved procedural issues: 1) ruling on defendant's Fed. R. Crim Proc. 29 Motion for a Judgment of Acquittal during trial, and 2) Court's inquiry of the defendant of his prior conviction as required by 21 U.S.C. § 851(b).

### A. <u>Rule 29</u>

During the trial in this case, after the government rested its case in chief, the defendant moved for judgment of acquittal and the Court reserved its decision. The jury later returned a guilty verdict to Counts One, Two, and Four, and a mistrial was declared on Count Three. The Court has not ruled on this pending motion and the government requests that the Court deny the defendant's motion on all counts. Viewing the evidence in light most favorable to the government, any rational jury could have found the essential elements of all counts beyond a reasonable doubt. *See United States v. Washington*, 12 F.3d 1128, 1135-36 (D.C. Cir. 1994). The jury hung on Count Three, which charged a violation of 18 U.S.C. § 924(c) for possession of a firearm in furtherance of drug trafficking. The evidence presented at trial proved beyond a reasonable doubt that the defendant was distributing oxycodone pills and crack cocaine while possessing a loaded firearm, which was secured in the center console of his rental car immediately next to the narcotics. The

government's qualified drug expert also testified that firearms are commonly used by drug dealers to protect their drugs and their money. As for Counts One, Two, and Four, the jury already unanimously found the defendant guilty. Accordingly, the government requests that the Court deny the defendant's motion for judgment of acquittal on all counts.

B. **Sentencing Enhancement under 21 U.S.C. § 851**

Prior to trial, the government filed an Information under 21 U.S.C. § 851(a) providing notice to the Defendant that his prior conviction[1] was (1) a "serious drug felony" under 21 U.S.C. § 841(b)(1)(B), which raised the penalty range for Count One from between five (5) years and 40 years of imprisonment to between ten (10) years' and life imprisonment, and (2) that such conviction also was a "felony drug offense" under 18 U.S.C. § 841(b)(1)(C), which raised the maximum penalty for Count Two from 20 years to 30 years of imprisonment. ECF No. 34. Following briefing on the issue (ECF No. 51), the Court bifurcated the trial into a guilt and recidivism phase, and in the second phase submitted to the jury two predicate facts—whether Loggins served a sentence of more than 12 months on that conviction and whether he was released from the term of imprisonment within 15 years of the commencement of this offense—underlying the "serious drug felony" enhancement to Count One to address *Apprendi/Alleyne* concerns. The jury found that the government had proved both predicate facts beyond a reasonable doubt. ECF No. 68.

These findings address the constitutional dimension. However, the statute also sets forth a procedure for the Court to impose sentence under the enhancements. *See* ECF No. 51 at 3 (setting

---

[1] Loggins was convicted of Conspiracy to Distribute and Possess with Intent to Distribute a Detectable Amount of a Mixture and Substance Containing Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, which is punishable by up to 20 years' incarceration. *See* ECF No. 278 (Second Superseding Information), ECF No. 282 (Plea Agreement), ECF No. 347 (Judgment), 21-CR-465-12 (D.D.C.).

forth the statutory scheme).   Specifically, Section 851 appears to require an inquiry of the

Defendant *before* the Court passes sentence:

> (b) Affirmation or denial of previous conviction
> If the United States attorney files an information under this section, the court ***shall after conviction but before pronouncement of sentence inquire*** of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b) (emphasis added).   Should he file no response, the Court may proceed to

sentence the defendant under the enhanced provisions.  *Id.* § 851(d)(1).   Although the government

has no reason to believe that the defendant can meritoriously challenge the prior conviction, the

statute nonetheless appears to require this inquiry of the defendant prior to the announcement of

sentence.[2]

The Government inquired of defense counsel his position on both issues raised by this

filing on June 8, 2026, but defense counsel has not stated a position as of the time of this filing.

WHEREFORE, the government requests that the Court rule on the pending Rule 29 motion

for judgment of acquittal and conduct an inquiry with the defendant pursuant to 21 U.S.C. § 851(b)

prior to announcement of sentence.

---

[2] Even if Loggins were to object, in light of the factual findings already made by the jury, it cannot be seriously disputed Loggins' previous conviction qualifies for the enhancements as a matter of law, because it was (a) for purposes of Count One, an offense under the Controlled Substances Act (21 U.S.C. 801 *et seq.*) with a statutory maximum of ten years or greater, 21 U.S.C. § 802(58), 18 U.S.C. § 924(e)(2)(A)(i); and (b) for purposes of Count Two, a "felony drug offense," *i.e.* "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

BY:  _/s/ Iris McCranie_

IRIS MCCRANIE
MICHAEL BARCLAY
Assistant United States Attorneys
N.Y. Bar 5011234 (McCranie)
601 D. St., N.W.,
Washington, D.C. 20530
202-252-7828
Iris.mccranie@usdoj.gov